**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANGEL MELGAR-MELGAR,

    Defendant - Appellant.

No. 22-2108
(D.C. No. 2:22-CR-00013-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Miguel Angel Melgar-Melgar's plea agreement pursuant to *United

States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Exercising

jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Melgar pleaded guilty to re-entry of a removed alien.  Pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the guidelines would

be used to determine Mr. Melgar's sentencing range, and the government agreed that

a two-level downward departure from the otherwise-applicable offense level would

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be appropriate.  As part of his plea agreement, Mr. Melgar waived his right to appeal his conviction and any sentence at or under the maximum statutory penalty.[1]  He acknowledged in the plea agreement that he was entering his plea voluntarily and that he understood its consequences, including the sentences that could be imposed, and that he was waiving his appellate rights.  At the change of plea hearing, the district court reminded Mr. Melgar of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty.  Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted his plea as having been knowingly and voluntarily entered.

The court then sentenced Mr. Melgar to 37 months' imprisonment.  The sentence was the minimum in the sentencing range of 37 to 46 months calculated in accordance with the parties' agreement.[2]  Despite having waived his right to appeal his conviction and any sentence under the statutory maximum, Mr. Melgar filed a notice of appeal.  His docketing statement indicates that he intends to challenge his

---

[1] Mr. Melgar also waived his right to collaterally attack his conviction and sentence except on the issue of ineffective assistance of counsel.

[2] At the same hearing, the district court also sentenced Mr. Melgar to a concurrent term of six months' imprisonment because he committed the illegal-reentry offense while on supervised release for a 2018 illegal-reentry conviction in the District of Arizona.  The District of Arizona transferred jurisdiction over the supervised-release violation to the District of New Mexico.  Mr. Melgar did not appeal the revocation judgment and sentence.

conviction and/or sentence on the ground that he received ineffective assistance of counsel.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the appeal waiver, whether the defendant knowingly and voluntarily waived his right to appeal, and "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Mr. Melgar, through counsel, "agree[d] that" his ineffective assistance of counsel "claim must be brought in the first instance in the district court" and that there is "no other basis for an appeal which would not be covered by the appeal waiver in the plea agreement." Resp. to Mot. to Enforce at 2.  He thus indicated that he "does not oppose the government's" motion to enforce.  By making that concession, Mr. Melgar conceded that his waiver was knowing and voluntary, that his appeal falls within the scope of the waiver, and that enforcement of the waiver would not result in a miscarriage of justice.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not address uncontested *Hahn* factors).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam